# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL STICKLER et al.,

    Plaintiffs,

vs.

UNITED RECOVERY SYSTEMS, LP et al.,

    Defendants.

3:15-cv-0281-RCJ-VPC

**ORDER**

Plaintiffs Michael and Kimberly Stickler sued United Recovery Systems, LP ("URS"), HSBC Bank, N.A., HSBC Auto Finance, Inc., and Santander Consumer USA, Inc. ("Santander") *in pro se* in state court for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Nevada Unfair Trade Practices Act ("NUPTA"), fraud, breach of the covenant of good faith and fair dealing ("bad faith"), and intentional infliction of emotional distress ("IIED"). (*See* Compl., ECF No. 1, at 6). Santander removed. Santander and HSBC Defendants moved to dismiss, and Plaintiffs moved to amend. The Magistrate Judge denied the motion to amend and deemed the motion to dismiss withdrawn. The Magistrate Judge granted a later motion to amend. The Amended Complaint ("AC") lists URS, HSBC Defendants, Santander, NCB Management Services, Inc. ("NCB"), and Midland Funding ("Midland") as Defendants on four causes of action: (1) FDCPA; (2) NUPTA; (3) bad faith; and (4) IIED. Defendants answered.

Midland moved for judgment on the pleadings, and the other Defendants joined the motion. Responses were due Wednesday, February 10, 2016. (*See Klingele* Notice, ECF No. 47 (providing that responses were due 14 days from the date of that order, January 27, 2016)). As of February 11, 2016, Plaintiffs had not timely responded or requested any extension of time to respond. Plaintiffs thereby consented to the granting of the motion, and the Court granted it, entered the Judgment, and closed the case. *See* Local R. Civ. Prac. 7-2(d).

Plaintiffs have asked the Court to set aside the Judgment. Plaintiffs argue they intended to file a response on February 16, 2016, the date of the dismissal order, because they added three days for mailing. Seventeen days from January 27, 2016 was Saturday, February 13, 2016, and the next business day was Tuesday, February 16, 2016. Plaintiffs should not have added three days for mailing, however. The *Klingele* order provided that a response was due 14 days "from the date of this Minute Order," not 14 days from the date of receipt of the order. The "three day" rule is a rebuttable presumption that the U.S. Post Office takes three days to deliver mail. The rule is relevant where the critical event is the date of receipt of a document, e.g., as with the ninety-day right-to-sue window after the EEOC's rejection of a charge of discrimination. *See* 42 U.S.C. § 2000e-5(f)(1). The rule is not relevant, however, where the critical event is not receipt of a document but a fixed date set by the court. *See, e.g.*, *Federal Appellate Practice: Ninth Circuit* § 4:10 (2015–2016 ed.).

The neglect may be excusable under Rule 60(b)(1) given that Plaintiffs are proceeding *in pro se*. But Defendants argue in opposition that Plaintiffs have repeatedly ignored deadlines set by the Court, e.g., by failing to respond to the motion for judgment on the pleadings by the January 25, 2016 deadline set by CM/ECF, and then by failing to respond to the February 10, 2016 deadline as extended by the Court *sua sponte* via the *Klingele* notice issued on January 27,

2016.  Moreover, Defendants note that the belated response was filed on February 17, 2016, the day after Plaintiffs themselves argue it was due, and February 16, 2016 was not a weekend or holiday, which belies Plaintiffs' claim that they were prepared to file the response on February 16, 2016, the date of the dismissal order.  If Plaintiffs truly intended to file the response on February 16, 2016, there was nothing preventing it.  The filing on February 17, 2016 is, as Defendants argue, good evidence that the response was filed only in reaction to the Court's dismissal order.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Set Aside Judgment (ECF No. 55) is DENIED.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge